# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF ILLINOIS

# URBANA DIVISION

| | | |
|---|---|---|
| **RONALD REED, JR.,** | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | Case No. 08-2201 |
| | ) | |
| **JODY HATHAWAY, Warden,** | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION

On September 2, 2008, Petitioner, Ronald Reed, filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. 2254 by a Person in State Custody (#1), a Petition for Leave to Proceed in forma pauperis (#2), and a Motion to Appoint Counsel (#3). On September 3, 2008 this court entered an Order which DENIED the Motion for Leave to Proceed in forma pauperis, and Petitioner paid the $5.00 filing fee on September 19, 2008. This court entered an Order on October 3, 2008 which DENIED the Motion to Appoint Counsel. This court ordered Respondent, Jody Hathaway, to respond to the Petition within 60 days, and subsequently allowed Respondent additional time to file a response.

On December 16, 2008, Respondent filed a Motion to Dismiss (#10) and supporting exhibits.

This court has carefully considered Respondent's Motion to Dismiss. Following this careful review, this court agrees with Respondent that the Petition filed in this case is untimely. Therefore Respondent's Motion to Dismiss (#10) is GRANTED and Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. 2254 by a Person in State Custody (#1) is dismissed as untimely.

## BACKGROUND

In August 2004, following a stipulated bench trial, Petitioner was convicted of attempted cannabis trafficking. In September 2004, the trial court sentenced Petitioner to a prison term of 10 years. Petitioner appealed from his convictions and sentence, and the Appellate Court, Fourth District, affirmed on August 31, 2006. People v Reed, Case No. 4-04-0855 (unpublished order). Petitioner did not file a petition for leave to appeal to the Illinois Supreme Court or challenge his conviction in any state collateral proceedings.

As noted previously, Petitioner submitted a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. 2254 by a Person in State Custody (#1) on September 2, 2008. In this Petition, Petitioner raised two grounds for relief: (1) that his constitutional rights were violated because he was arrested in Texas, but was charged in Illinois; and (2) his Fourth Amendment rights were violated when the police officer exceeded the scope of the traffic stop by asking for consent to search the vehicle without reasonable suspicion that drugs or other contraband would be found.

## ANALYSIS

In Respondent's Motion to Dismiss (#10), Respondent argues that Petitioner's Petition must be dismissed as untimely. This court agrees.

Because Petitioner filed his Petition after April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1214, applies to this case. Under the AEDPA, a one-year period of limitations applies to a habeas corpus petition by a person in state custody. 28 U.S.C. § 2244(d)(1); Allen v Siebert, 552 U.S. 3 (2007)**.** Section 2244(d)(1) provides that the limitation period shall run from "the date on which the judgment became final by the conclusion or direct review or the expiration of time for seeking such review." 28 U.S.C. § 2244(d)(1)(A)[1]. Illinois Supreme Court Rule 315(b) allows a maximum of 35 days in which to file a Petition for Leave to Appeal. Ill. Sup. Ct. R. 315(b). Petitioner failed to file a Petition for Leave to Appeal within the 35 day period after the appellate decision was entered on August 31, 2006, therefore his conviction became final on October 5, 2006. Owens v Boyd, 235 F.3d 356, 357 (7th Cir 2000). The one year period for seeking federal collateral review under § 2254 expired one year later, on October 5, 2007. Accordingly the Petition submitted on September 2, 2008 is not timely.

---

[1] The other possible dates listed in the statute do not apply in this case since the petitioner does not allege a State impediment to filing, a newly recognized and retroactive constitutional right, or subsequent discovery of the factual predicate of a claim.

IT IS THEREFORE ORDERED THAT:

(1) Respondent's Motion to Dismiss (#10) is GRANTED.  Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. 2254 by a Person in State Custody (#1) is dismissed as untimely.

(2) This case is terminated.

ENTERED this  29th  day of  May , 2009.

s/ Michael P. McCuskey

MICHAEL P. McCUSKEY

CHIEF U.S. DISTRICT JUDGE